**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KARL ARTHUR CLINGER,<br><br>    **Plaintiff,**<br><br>              **v.**<br><br>STEPHEN LEE, Deputy at Okmulgee County Sheriff's Office; JASON DAWSON, Deputy at Okmulgee County Sheriff's Office; ROBERT HEATH, Sergeant at Okmulgee County Sheriff's Office; SMOKEY PATCHIN, Deputy at Okmulgee County Sheriff's Office; EDDIE RICE, Sheriff of Okmulgee County; CAROL ISKI, District Attorney.<br><br>    **Defendants.** | **Civil No.** 25-281 (FAB) |

**OPINION AND ORDER**

BESOSA, Senior District Judge.[1]

Before the Court is a Report and Recommendation ("R&R") issued by U.S. Magistrate Judge Gerald L. Jackson (Docket No. 48.) regarding two motions to dismiss filed by defendants, one filed by Stephen Lee ("Lee"), Jason Dawson ("Dawson"), Robert Heath ("Heath"), Smokey Patchin ("Patchin"), and Eddie Rice ("Rice") (Docket No. 15), and another motion to dismiss filed by defendant Carol Iski ("Iski") (Docket No. 24).  Also before the Court is

---

[1] Senior United States District Judge for the District of Puerto Rico, sitting by designation.

Civil No. 25-281 (FAB)                                                    2

plaintiff Karl Arthur Clinger ("Clinger")'s two motions to disqualify defendants' counsel. (Docket No. 29; Docket No. 30.) This case is before the Court by designation pursuant to 28 U.S.C. § 292(d). See Docket No. 56.

For the reasons set forth below, the Court **ADOPTS IN PART and REJECTS IN PART** the R&R. Defendants Lee's, Dawson's, Heath's, Patchin's and Rice's motion to dismiss (Docket No. 15) is **GRANTED.** Defendant Iski's motion to dismiss (Docket No. 24) is also **GRANTED.** Plaintiff Clinger's two motions to disqualify counsel are both **DENIED.**

## I.  Background

Plaintiff Karl Arthur Clinger, proceeding *pro se*, brought this suit against (1) Stephen Lee, a Deputy at the Okmulgee County Sheriff's Office; (2) Jason Dawson, a Deputy at the Okmulgee County Sheriff's Office; (3) Robert Heath, a Sergeant at the Okmulgee County Sheriff's Office; (4) Smokey Patchin, a Deputy at the Okmulgee County Sheriff's Office; (5) Eddie Rice, the Sheriff of Okmulgee County; and (6) Carol Iski, the District Attorney for Okmulgee County, for violation of his constitutional rights under the First, Fourth and Eighth Amendments to the United States Constitution. (Docket No. 2.)

Civil No. 25-281 (FAB)                                                         3

Clinger's complaint arises from a traffic stop and subsequent arrest that took place on August 10, 2024.[2] (Docket No. 2; Docket No. 15 at p. 8.) Clinger alleges that Deputy Lee pulled him over for an invalid reason, e.g., a broken tag light while it was still daylight. (Docket No. 2 at p. 2.) During the traffic stop, Clinger requested to speak to a supervisor, which Deputy Lee did not allow. Id. Deputy Lee also allegedly refused to provide Clinger with the reason for the traffic stop until he provided his identification. Id. What happened next is not clear, but Deputy Lee then allegedly handcuffed Clinger and disabled the recording that Clinger was making on his cellphone. Id. Deputy Lee then allegedly reached into Clinger's pocket, removed his wallet, and searched it without Clinger's consent or probable cause. Id. Clinger also alleges that Deputy Lee illegally seized his vehicle from private property and subsequently searched it. Id. Finally, Clinger alleges that Deputy Lee handcuffed him in an excessively tight manner and left the handcuffs on for over an hour, which caused Clinger to suffer pain and discoloration in his hands. Id.

Clinger alleges that Deputy Dawson, who was present during the traffic stop, failed to intervene with Deputy Lee and prevent

---

[2] Clinger's complaint does not state where or when these events occurred, but the motion to dismiss filed by the Sheriff Office defendants informs the Court of the date the event occurred. (Docket No. 48 at p. 5.)

Civil No. 25-281 (FAB)                                                    4

his unlawful search and seizure.  According to Clinger, Deputy Dawson supported Deputy Lee when Clinger asked if he was okay with Deputy Lee's actions.  Id. at p. 3.  Deputy Dawson also allegedly recorded the incident on a personal cellphone, and failed to preserve the footage.  Id.  Sergeant Heath allegedly allowed Clinger's vehicle to be unlawfully towed because of "a fabricated policy of towing 'pursuant to arrest.'"  Id.  Sergeant Heath also did not intervene to prevent the unlawful actions of his subordinates.  Id.  But Clinger does not allege Sergeant Heath was present during the stop.

Deputy Patchin allegedly refused to provide Clinger with public records of the incident, and failed to preserve evidence critical to Clinger's case.  Id.  Clinger also alleges that Sheriff Rice failed to ensure that his deputies complied with constitutional protections, and "did not provide oversight to prevent systemic violations of constitutional rights."  Id. Finally, Clinger alleges that District Attorney Iski made false and prejudicial statements in open court and violated Clinger's speedy trial rights by not assigning an attorney to his case, and having charges linger for over six months.  Id.  District Attorney Iski also allegedly made false statements that caused Clinger emotional harm.  Id. at p. 4.

Civil No. 25-281 (FAB)                                              5

On August 12, 2025, Clinger filed his complaint alleging violations of his First, Fourth, Eighth Amendment rights pursuant to the U.S. Constitution.  Id.  On October 3, 2025, defendants Lee, Dawson, Heath, Patchin and Rice moved to dismiss the complaint for failure to state a claim, arguing that the complaint did not allege any constitutional violation and that, even if there was a constitutional violation, they were all entitled to qualified immunity.  (Docket No. 15.)  Clinger opposed (Docket No. 16; Docket No. 31), and defendants Lee, Dawson, Heath, Patchin and Rice replied.  (Docket No. 26.)

On October 21, 2025, defendant Iski moved to dismiss the complaint against her for failure to state a claim, arguing that she was entitled to prosecutorial immunity.  (Docket No. 24.)  On November 3, 2025, Clinger also moved to disqualify defendants' counsel.  (Docket No. 29; Docket No. 30.)  Defendants opposed (Docket No. 33; Docket No. 34), and Clinger replied.  (Docket No. 35; Docket No. 36.)

All motions were referred to Magistrate Judge Gerald L. Jackson.  (Docket No. 46.)  On March 13, 2026, Magistrate Judge Jackson issued an R&R, addressing every motion.  (Docket No. 48.) The R&R recommended that defendants Lee, Dawson, Heath, Patchin, and Rice's motion to dismiss be granted in part and denied in part, and that defendant Iski's motion to dismiss be granted.  Id.  He

Civil No. 25-281 (FAB)                                                    6

also recommended that Clinger's motion to disqualify counsel be denied.

Magistrate Judge Jackson recommended that the Court solely dismiss Clinger's claims against Deputy Lee as to the traffic stop, the denial of his request for a supervisor, and Deputy Lee's refusal to provide a reason for the traffic stop until Clinger provided his identification. (Docket No. 48 at p. 9.) Magistrate Judge Jackson, however, recommended that Clinger's claims against Deputy Lee concerning the seizure of his cellphone, the search of his person, the seizing his vehicle, and excessive force when being handcuffed should survive. Id. Magistrate Judge Jackson also recommended that Clinger's claims against Deputy Dawson should survive because Clinger had pled enough facts "as to the question of whether [Deputy] Dawson had time to intervene." Id. at p. 10. The magistrate judge also recommended that Clinger's claims against defendants Heath, Patchin and Rice should be dismissed because Clinger failed to plausibly plead sufficient facts. Id. at p. 11. He also recommended that the claims against defendant Iski should be dismissed because she was entitled to prosecutorial immunity. Id. at p. 14. Finally, Magistrate Judge Jackson found that amending the complaint would be futile. Id. at p. 16.

Magistrate Judge Jackson also recommended denying both of Clinger's motions to disqualify defendants' counsel. Id. at

Civil No. 25-281 (FAB)                                                7

pp. 17-19.  He stated that there was no conflict of interest in defendants being represented by the same attorneys and that "state law requires the Attorney General to represent employees in appropriate circumstances."  Id. at p. 19.  Magistrate Judge Jackson found that the Attorney General's representation of all defendants did not threaten the integrity of the judicial system. Id.

Defendants Deputy Lee and Deputy Dawson objected to the magistrate judge's recommendation not to dismiss all the claims against them.  (Docket No. 50.)  Clinger objected to the dismissal of his claims, and defendants opposed Clinger's objections. (Docket No. 54; Docket No. 55.)  Clinger first asserts that the magistrate judge erred in resolving a factual dispute about whether there was reasonable suspicion for the traffic stop, and in determining that there was no constitutional violation pursuant to the Fourth Amendment.  (Docket No. 54 at pp. 1-2.)  Second, Clinger argues that the magistrate judge erred in finding that there was probable cause to arrest him.  Id. at 2.  Third, Clinger asserts that the magistrate judge erred in recommending that leave to amend complaint be denied because he could fix any deficiency found by the magistrate judge.  Id. at p. 3.

Civil No. 25-281 (FAB)                                                              8

## II.  Legal Standard

### A.     Report and Recommendation

A district court may refer a pending motion to a magistrate judge for a report and recommendation.  See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(a).  Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report.  28 U.S.C. § 636(b)(1).  "A party that files a timely objection is entitled to a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which a specific objection is made."  Lowery Wilkinson Lowery, LLC v. Illinois, No. 25-CV-22-RAW, 2025 U.S. Dist. LEXIS 268063, at *3 (E.D. Okla. Dec. 31, 2025) (citing United States v. Raddatz, 446 U.S. 667, 673 (1980)).  "The objections must specifically identify those findings or recommendations to which objections are being made" and "[t]he district court need not consider frivolous, conclusive, or general objections."  Id. (citing Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987)).  In conducting its review, a court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(a)(b)(1).  Failure to object precludes further review by the district court.  Morales-Fernández v. I.N.S., 418 F.3d 1116, 1119

Civil No. 25-281 (FAB)                                                   9

(10th Cir. 2005) (citing Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991) ("This court has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions.")

## B.    Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a defendant may move to dismiss an action for failure to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion, a complaint must contain enough factual matter "to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A court must decide whether the complaint alleges facts which "raise a right to relief above the speculative level." Id. at 555. "At the motion-to-dismiss stage, [a court] must accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." Cressman v. Thompson, 719 F.3d 1139, 1141 (10th Cir. 2013) (internal quotation marks and alterations omitted).

A *pro se* litigant's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Tatten v. City & Cty. of Denver, 730 F. App'x. 620, 624 (10th Cir. 2018) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).  But,

Civil No. 25-281 (FAB)                                                    10

"a pro se litigant's 'conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.'" <u>West v. United States</u>, No. 25-3082, 2025 U.S. App. LEXIS 24165, at *5 (10th Cir. Sept. 18, 2025) (quoting <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991)).  It is not "the proper function of the district court to assume the role of advocate for the pro se litigant." <u>Hall</u>, 935 F.2d at 1110.

**III. Discussion**

The Court will first address Clinger's objections to the R&R. Then the Court will analyze Deputy Lee's and Deputy Dawson's objections to the R&R.  Finally, the Court will analyze whether amending the complaint would be futile.

**A.    Clinger's Objections**

Clinger asserts that the magistrate judge committed three errors:  (1) finding there was reasonable suspicion for the traffic stop; (2) prematurely assuming there was probable cause for the arrest; and (3) finding that amending the complaint would be futile.[3]  (Docket No. 54.)

**i.    Traffic Stop**

The magistrate judge determined that "[a] portion of [Clinger's] claims fail to establish constitutional

---

[3] As mentioned above, this objection will be discussed separately after addressing all objections pertaining to the merits.

Civil No. 25-281 (FAB)                                                      11

violations," and recommended dismissing the claim because a broken tag light justifies a traffic stop.  (Docket No. 48 at p. 6.) Clinger argues that there could not be a reasonable suspicion to justify the traffic stop because, under Oklahoma law, rear tag illumination is only required when the sun sets and headlamps are required.  (Docket No. 54 at p. 1.)  He asserts that "[i]f the equipment statute was not operative at that time, the stop lacked lawful basis."  Id. at p. 2.  Defendants do not oppose Clinger's reading of the statutes.  They argue that the broken tag light was but one of the reasons for the traffic stop as Clinger alleges in his complaint and proposed amended complaint.  (Docket No. 55 at pp. 1-2.)  And that "any violation of the traffic or equipment regulations gives reasonable suspicion to justify a traffic stop." Id.  The Court agrees.

Pursuant to the Oklahoma statute, a lamp illuminating the rear license plate – a tag light - shall be lighted whenever "clearance lamps and headlamps . . . are lighted." Okla. Tit. 47 § 12-204.1.  Clinger argues that the light illuminating the license plate did not need to be on at 8:29 p.m. because the sun had not set and headlamps were therefore not required.  (Docket No. 54-1 at p. 3.)  In his proposed amended complaint, Clinger claims the official sunset time was at 8:46 p.m.; the Court, however, takes judicial notice that the official

Civil No. 25-281 (FAB)                                                    12

sunset time in Okmulgee County was 8:18 p.m. on the date of the traffic stop. <u>See</u> Time and Date, ttps://www.timeanddate.com/sun/@7174010?month=8&year=2024 (last visited July 22, 2026). Therefore, contrary to Clinger's allegations, the sun had set and his vehicle's tag light needed to be on and working.

Additionally, Clinger was not stopped just because the tag light was not illuminated, but because the officers had reasonable suspicion that it was broken. Pursuant to section 12-101(A)(1)(c), "[i]t shall be a misdemeanor . . . for any person to drive . . . any vehicle . . . which is not at all times equipped with such lamps and other equipment in proper condition and adjustment as required in this chapter." Okla. Tit. 47 § 12-101. Because Clinger's vehicle's tag light was not illuminated despite the low light, the officers would have had reasonable suspicion that it was not in its proper working condition. Because "[r]easonable suspicion that a driver violated 'any traffic or equipment regulations of the jurisdiction' can justify a traffic stop[,]" the Court agrees with Magistrate Judge Jackson that Clinger's traffic stop was justified.[4] Accordingly, on the face

---

[4] Clinger's amended complaint also states that Deputy Lee stopped his vehicle because of windshield defects. (Docket No. 54-1 at p. 4.) A windshield defect would also justify stopping Clinger. <u>See</u> Okla. tit. 47, § 12-404.

Civil No. 25-281 (FAB)                                                    13

of the complaint and the proposed amended complaint, the Court

finds that Clinger fails to state a cause of action against Deputy

Lee for the traffic stop.

### ii.   Probable Cause

Clinger's next argument is that the magistrate

judge erred in finding that there was no probable cause for his

arrest.   (Docket No. 54 at p. 2.)   Magistrate Judge Jackson,

however, did not determine that there was no probable cause.   In

fact, Magistrate Judge Jackson stated the opposite:  "At this stage

of the litigation, the Court cannot conclude as a matter of law

that the allegations of Plaintiff's complaint show that Lee had

probable cause to arrest Plaintiff, which calls into question any

search of his person and seizure of his vehicle."  (Docket No. 48

at p. 8.)   Because the magistrate judge could not determine if

there was probable cause, he recommended that the claims arising

out of the arrest, search and seizure of Clinger's cellphone and

vehicle should survive.   Id. at p. 9.   The Court is perplexed by

Clinger's objection and finds that it has no merit.

### B.   Defendant Lee's Objections

Deputy Lee objects to the magistrate judge's finding

that Clinger "plausibly pled constitutional violations for '(1)

the First Amendment with regard to Plaintiff's cellphone; (2) the

Fourth Amendment by searching Plaintiff incident to the arrest

Civil No. 25-281 (FAB)                                              14

because he pleads that the search was conducted without probable cause; and (3) seizing his vehicle from private property; and (4) for the Eighth Amendment with regard to excessive force in using handcuffs.'" (Docket No. 50 at p. 1 (citing Docket No. 48 at pp. 7-8.)) The Court addresses each plea in turn.

### i. First Amendment Claim

Deputy Lee argues that the magistrate judge mistakenly found that the claim pertaining to Clinger's cellphone survived because the Court could not conclude that his cellphone was lawfully seized pursuant to a finding of probable clause. (Docket No. 50 at p. 2.) According to Deputy Lee, Clinger's claim arising from his cellphone is not a Fourth Amendment unlawful seizure claim, but a First Amendment claim. Id. Deputy Lee is correct. Clinger's Fourth Amendment claims pertain solely to the traffic stop, his arrest, and the seizing of his vehicle. (Docket No. 2 at p. 3.) Clinger's cellphone claim is different – he alleges that Deputy Lee disabled the recording in his cellphone despite his First Amendment right to record. The magistrate judge's analysis of this claim under the Fourth Amendment was therefore misplaced. Accordingly, the Court turns to analyze

Civil No. 25-281 (FAB)                                            15

whether Clinger has sufficiently pled a First Amendment claim against Deputy Lee.

To state a First Amendment claim, "a plaintiff must allege facts showing '(1) that [he] was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.'"  Irizarry v. Yehia, 38 F.4th 1282, 1288 (10th Cir. 2022).  Clinger's allegations satisfy the first of these elements – recording police officers performing their duties is a constitutionally protected activity.[5]  Id. at 1292.

Clinger only states that his First Amendment rights were violated when Deputy Lee "disabled [Clinger's] phone recording after handcuffing him."  (Docket No. 2 at p. 3 (emphasis added.))  There is no indication that Clinger's filming was the reason for his arrest.  He was, as has already been discussed, lawfully pulled over.  Deputy Lee claims that he proceeded to arrest Clinger because Clinger failed to give him his driver's

---

[5] Deputy Lee also concedes that "the Tenth Circuit has recognized a 'First Amendment right to film police performing their duties in public.'"  (Docket No. 50 at p. 2 citing Irrizary v. Yehia, 38 F.4th 1282, 1292 (10th Cir. 2022).)

Civil No. 25-281 (FAB)                                                16

license, a fact which Clinger does not dispute.  Accordingly,
Clinger has failed to state a claim pursuant to the First
Amendment.

### ii.  Fourth Amendment Claims

Deputy Lee next objects to the magistrate judge's
finding that he could not conclude that there was probable cause
to arrest Clinger.  (Docket No. 50 at p. 3.)  The magistrate judge
stated that Clinger had pled sufficient facts to show that Deputy
Lee "reached into [Clinger's] pocket, removed his wallet and
searched it without consent or probable cause."  (Docket No. 48 at
p. 8.)  The Court disagrees with the magistrate judge.

Deputy Lee argues that the magistrate judge erred
in stating that a showing of actual probable cause is required for
section 1983 claims.  He asserts only arguable probable cause is
required.  (Docket No. 50 at p. 3.)  Whether there was probable
cause or arguable probable cannot be assessed because there are no
facts on the face of the complaint to be able to make that
determination.  (Docket No. 2.)  Clinger's original complaint
simply states, without elaboration, that he was searched without
probable cause.  Id.  This is a legal conclusion and need not be
credited as true.  McAuliffe v. Vail Corp., 69 F.4th 1130, 1143
(10th Cir. 2023).  Clinger's proposed amended complaint fares no
better.  There, Clinger states that he did not "physically resist,"

Civil No. 25-281 (FAB)                                                    17

and that he was handcuffed prior to articulation of any equipment violation.  (Docket No. 54-1 at pp. 3-4.)  In his objections, Clinger claimed that "he did not refuse identification."  (Docket No. 54 at p. 2.)  This seems to be in response to Deputy Lee's argument that Clinger was arrested because he failed to provide his driver's license.  See Docket No. 15 at p. 8.  Again, the amended complaint does not include well-pleaded factual allegations that would suggest that Deputy Lee lacked probable cause.

The same is true for Clinger's claim that Deputy Lee "illegally seized [his] vehicle from private property and used the keys to justify a search."  (Docket No. 2 at p. 2.)  It is not clear if Clinger is alleging that Deputy Lee purported to have Clinger's consent to search because he had the vehicle's keys.  It is also not clear if the private property is Clinger's own or if he had authorization to keep the vehicle in that private property. Because Clinger fails to provide well-pleaded factual allegations, the Court cannot determine whether he has raised a claim for which relief could be granted.

### iii. Eighth Amendment Claim

Finally, Deputy Lee objects to the magistrate judge's finding that Clinger's excessive force claim pursuant to the Eighth Amendment should survive.  A claim for excessive force

Civil No. 25-281 (FAB)                                              18

during arrest, however, is brought under the Fourth Amendment, not the Eighth Amendment. The Fourth Amendment prohibits "unreasonable searches and seizures," U.S. Const. Art. IV, and covers "any claim that arises in the context of an arrest or investigatory stop of a free citizen." Geddes v. Weber Cnty., No. 20-4083, 2022 WL 3371010, at *4 (10th Cir. Aug. 16, 2022) (internal quotations omitted). The Eighth Amendment applies only after a defendant has been convicted, and "protect[s] against unjustifiable conditions of confinement, such as 'the unnecessary and wanton infliction of pain.'" Colbruno v. Kessler, 928 F.3d 1155, 1162 (10th Cir. 2019) (quoting Hudson v. McMillian, 503 U.S. 1, 5 (1992)). Because Clinger had not yet been convicted when he was handcuffed, his claim of excessive force falls under the Fourth Amendment not the Eighth Amendment. Accordingly, Clinger's claim pursuant to the Eighth Amendment is dismissed.

The Court will now analyze Clinger's claim pursuant to the Fourth Amendment incorrectly brought pursuant to the Eighth Amendment. "In some circumstances, unduly tight handcuffing can constitute excessive force where a plaintiff alleges some actual injury from the handcuffing and alleges that an officer ignored a plaintiff's timely complaints (or was otherwise made aware) that the handcuffs were too tight." Cortez v. McCauley, 478 F.3d 1108, 1129 (10th Cir. 2007). Neither his complaint nor his proposed

Civil No. 25-281 (FAB)                                                    19

amended complaint alleges that Clinger requested that the officer

loosen the handcuffs or that his request was denied.  Clinger does

allege that due to the excessively tight handcuffs, he suffered

physical pain and discoloration in his hands.  (Docket No. 2 at

p. 2.)  *De minimis* physical harm from handcuffing is insufficient.

See id. at 1129 n.25.  It is also unclear whether the pain and

discoloration was brief or had lasting effects. Regardless, on the

face of the complaint there is not enough "to support an excessive

force claim [even] if the use of handcuffs is otherwise justified."

Id.

        Accordingly, Clinger has failed to state a claim

under the Fourth Amendment against Deputy Lee.  All claims against

Deputy Lee are dismissed.

    C.    **Defendant Dawson's Objection**

        Deputy Dawson objects to the R&R's finding that Clinger

sufficiently pled a claim against him for failure to intervene.

(Docket No. 50 at p. 6.)  Deputy Dawson argues that Clinger "failed

to allege any facts which state a plausible claim for violation of

[Clinger's] constitutional rights by Defendant Lee, which required

[Deputy Dawson] to intervene."  The Court agrees.  As was discussed

above, Clinger failed to include well-pleaded facts that would

Civil No. 25-281 (FAB)                                                    20

give rise to a constitutional violation.  Therefore, all claims

against Deputy Dawson are dismissed.

> **D.    Futility of Amending Complaint**

Finally, Clinger objects to the magistrate judge's

finding that any attempt to amend the complaint would be futile,

and requests leave to amend the complaint.  (Docket No. 48 at

p. 15.)  On November 3, 2025, Clinger requested leave to amend but

failed to attach the proposed amended complaint.  (Docket No. 27.)

Because Clinger failed to attach the proposed amended complaint,

the Court denied leave to amend without prejudice.  (Docket

No. 32.)  Clinger did not file a proposed amended complaint until

submitting his objections to the R&R.  (Docket No. 54-1.)

A plaintiff may amend his or her complaint once as of

right; he or she must do so within 21 days of serving the original

complaint or 21 days after service of a responsive pleading or

motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed.

R. Civ. P. 15(a)(1).  Clinger's request to amend the complaint in

his objections to the R&R was submitted in April 2026, over six

months after the first motion to dismiss was filed.  See Docket

No. 54.  As a result, Clinger had to obtain leave of the court

before filing his amended complaint.  See United States ex rel.

Carter v. Halliburton Co., 144 F. Supp. 3d 869, 877-79 (E.D. Va.

2015) (finding that "the time period for amending the complaint as

Civil No. 25-281 (FAB)                                                      21

a matter of course under [Rule] 15(a)(1) beg[ins] when Defendants filed their *first* motion to dismiss[,]" and subsequent motions to dismiss do not toll the 21-day period). Although "[c]ourts should give leave to amend freely, especially when the plaintiff is proceeding pro se[,]" leave to amend may be refused "upon a showing of futility of amendment." Panicker v. State Dep't of Agric., 498 F. App'x. 755, 757 (10th Cir. 2012) (citing Fed. R. Civ. P. 15(a); Frank v. U.S. W., Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)) (internal alterations omitted). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." Id. (quoting Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv.'s Serv., Inc., 175 F.3d 848, 859 (10th Cir. 1999)).

The Court agrees with the magistrate judge's finding that Clinger's proposed amended complaint does not cure the deficiencies in his original complaint. As was the case with his original complaint, most of the claims in the proposed amended complaint are built on legal and conclusory allegations. Although Clinger's proposed amended complaint contains a bit more detail than the original complaint, it would not save his claims from dismissal. For example, Clinger does not allege that his vehicle's tag light was working or that his windshields were in good conditions when he was stopped. He also does not provide any factual allegation as to what led to him being placed in handcuffs

Civil No. 25-281 (FAB)                                                    22

or when the officer ordered him to exit the vehicle.  Without factual averments, Clinger has not stated claims that are plausible.  Accordingly, the claims against Deputy Lee, Deputy Dawson, and Sheriff Rice are dismissed with prejudice.

**E.    Claim against District Attorney Iski, Sergeant Heath, and Deputy Patchin**

Clinger has not objected to the magistrate judge's recommendation that his claims against District Attorney Iski, Sergeant Heath and Deputy Patchin should be dismissed.  Lowery Wilkinson Lowery, LLC, 2025 U.S. Dist. LEXIS 268063, at *3.  In fact, Clinger voluntarily dismissed his claim against defendant Iski.  See Docket No. 54 at p. 3.  Nevertheless, the Court has made an independent examination of the entire record and agrees with the magistrate judge's reasoning and recommendation.  All claims against District Attorney Iski, Sergeant Heath and Deputy Patchin are dismissed with prejudice.

**F.    Clinger's Motions to Disqualify Counsel**

Neither has Clinger objected to the magistrate judge's recommendation that his motions should be denied.  Failure to object precludes further review by the district court.  Morales-Fernández, 418 F.3d at 1119.

Civil No. 25-281 (FAB)                                                    23

Accordingly, defendants' motions to dismiss are **all GRANTED**.  (Docket No. 15; Docket No. 24.)  Clinger's motions to disqualify counsel are **DENIED**.  (Docket No. 29; Docket No. 30.)

## IV.  Conclusion

For the reasons set forth above, the Court **ADOPTS IN PART and REJECTS IN PART** the R&R.  Defendants' motions to dismiss are **all GRANTED**.  (Docket No. 15; Docket No. 24.)  The claims against each defendant are **dismissed WITH PREJUDICE**.  Clinger's motions to disqualify counsel are **DENIED**.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 30, 2026.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE